Per Curiam.

The relator contends that ordinance No. 19093, having been rejected by the company, is null and void and without any effect for any purpose; that, therefore, the commission is without jurisdiction to hear and determine an ap *322 peal from any of its provisions; and that relator has no adequate remedy at law on appeal to this court.
This court is not in accord with those contentions. The ordinance does not provide that if it is not accepted by the company it will be void. It does provide that each section and provision is independent of every other section and provision.
The acceptance section provides:
“Within thirty (30) days from the date this ordinance takes effect, The Dayton Power & Light Company shall file with the clerk of the city commission of the city its written acceptance hereof, and thereupon this ordinance shall be a contract between the city and the company * * (Emphasis added.)
This clearly indicates that the ordinance was intended to be in force as a rate-fixing ordinance before its acceptance by the company. Company acceptance was not a condition precedent to the taking effect of the ordinance. A municipality may pass a rate-fixing ordinance without the necessity of the utility’s acceptance (Section 743.26, Revised Code).
The commission has jurisdiction of the subject matter involved in the proceeding before it, and a writ of prohibition will not lie to prohibit it from exercising its jurisdiction.
The demurrers to the amended petition are sustained, and, counsel having agreed that the decision on the demurrer shall be final, a writ of prohibition is denied.

Writ denied.

Weygandt, C. J., Zimmerman, Taet, Matthias, Bell, Herbert and Peck, JJ., concur.